UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESMOND CHARLES PARKER (#569648)         CIVIL ACTION NO.

VERSUS                                    18-544-JWD-SDJ

JASON KENT, ET AL.

### RULING

Before the Court is the Complaint, as amended, of Desmond Charles Parker ("Plaintiff"), an inmate confined at the Dixon Correctional Institute in Jackson, Louisiana, who is representing himself.[1]  After further review and pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court dismisses Defendants Jeff Smalls, Jeremy Mitchell, Donnell Jones, and Troy Johnson from this proceeding *sua sponte* because Plaintiff never made any factual assertions against these Defendants.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[2]  Both statutes give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[3]  A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges

---

[1] R. Docs. 1 & 4.
[2] Plaintiff was granted permission to proceed *in forma pauperis* on November 8, 2019 (R. Doc. 6) so both statutes apply.
[3] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

the violation of a legal interest which clearly does not exist."[4] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[5] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[6]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

A screening dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[11]

Simply naming an individual as a Defendant is insufficient to state a claim against that individual.[12] Because Plaintiff has failed to make any factual allegations against Jeff Smalls, Jeremy Mitchell, Donnell Jones, and Troy Johnson in either his Complaint[13] or Amended

---

[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[5] *Denton,* 504 U.S. at 32.
[6] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[7] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[10] *Id.*
[11] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[12] *Harris v. Louisiana Dept. of Correction and Public Safety*, No. 14-800, 2015 WL 1097347, at *2 (M.D. La. March 11, 2015) ("Simply naming [a person] as a defendant is not sufficient to state a claim against her.").
[13] R. Doc. 1.

Complaint,[14] these Defendants must be dismissed.  Further, Plaintiff will not be provided with leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint, as he did not allege *any* facts against these Defendants.

**IT IS ORDERED** that Jeff Smalls, Jeremy Mitchell, Donnell Jones, and Troy Johnson be DISMISSED WITH PREJUDICE *sua sponte* pursuant to 28 U.S.C. §§ 1915 and 1915A.

**IT IS FURTHER ORDERED** that this action is referred back to the magistrate judge for further proceedings on Parker's remaining claims (i.e., Parker's claims against Kent regarding exposure to extreme cold).

Signed in Baton Rouge, Louisiana, on November 20, 2020.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[14] R. Doc. 4.