# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DESMOND CHARLES PARKER (#569648)**                    **CIVIL ACTION NO.**

**VERSUS**                                                              **18-544-JWD-SDJ**

**JASON KENT**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 19, 2021.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DESMOND CHARLES PARKER (#569648)**                    **CIVIL ACTION NO.**

**VERSUS**                                                              **18-544-JWD-SDJ**

**JASON KENT**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed on behalf of the sole remaining Defendant, Jason Kent.[1]  No timely opposition has been filed.[2]  For the following reasons, the undersigned recommends the Motion be granted and that this case be dismissed with prejudice.

I.      **Background**

Desmond Charles Parker, who is representing himself and is confined at the Dixon Correctional Institute in Jackson, Louisiana, instituted this action against Jason Kent, Keith Turner, Dewey Phillips, Jeff Smalls, Jeremy Mitchell, Donnell Jones, Troy Johnson, Dr. MacMurdo, and Cherryl Washington on May 3, 2018.[3]  All Defendants except Jason Kent have been dismissed from these proceedings.[4]  The sole remaining claims arise from Plaintiff's allegation that in March 2018, Jason Kent ordered the confiscation of all state issued jackets and blankets when the "temperature was in the 40s."[5]

---

[1] R. Doc. 40.
[2] Though Plaintiff filed a letter inquiring as to how he could oppose summary judgment without discovery, Plaintiff never filed an opposition or discovery requests, as noted below.  R. Doc. 43.
[3] R. Docs. 1, 4, & 25.
[4] R. Docs. 29 & 35.
[5] R. Doc. 1, p. 6.

## II.    Law & Analysis

### a.  Standard of Review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[6]  A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[7]  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[8]  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[9]  In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[10]

### b.  Summary Judgment Evidence Establishes that Plaintiff's Constitutional Rights Were Not Violated and that Defendant is Entitled to Qualified Immunity

Defendant has asserted he is entitled to qualified immunity.[11]  The assertion of the qualified immunity defense alters the summary judgment burden of proof.[12]  Once a defendant pleads

---

[6] Rule 56, Federal Rules of Civil Procedure.  *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[7] *Celotex Corp.*, 477 U.S. at 323.
[8] *Anderson*, 477 U.S. at 248.
[9] *Celotex Corp.*, 477 U.S. at 323.
[10] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[11] R. Doc. 40-1, pp. 4-12
[12] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).

qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."[13] "The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."[14]

Although the constitution "does not mandate comfortable prisons,"[15] conditions of confinement "must not involve the wanton and unnecessary infliction of pain."[16] The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care…."[17] An inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious;' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"[18] Second, " a prison official must have a 'sufficiently culpable state of mind.'"[19] In evaluating a conditions of confinement claim, it is appropriate to apply the deliberate indifference standard articulated in *Estelle v. Gamble*.[20] "To establish deliberate indifference…, the prisoner must show that the defendants (1) were aware of

---

[13] *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), (citing *Michalik v. Hermann*, 422 F.3d at 262).
[14] *Michalik*, 422 F.3d at 262.
[15] *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).
[16] *Id.*
[17] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[18] *Farmer*, 511 U.S. at 832.
[19] *Id.* at 834.
[20] 429 U.S. 97 (1976).  *See Wilson v. Seiter*, 501 U.S. 294 (1991).

facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.[21]

Parker alleges that Kent took blankets and jackets away from inmates, including himself, and caused the inmates to suffer through freezing temperatures, including through the night "with nothing but a thin sheet."[22] He further alleges that on the day the jackets and blankets were taken away, the temperature was in the 40s.[23] "Prisoners have a right to protection from extreme cold."[24] "[P]recedent clearly establishes that the Eighth Amendment guarantees inmates a right to be free from exposure to *extremely* dangerous temperatures without adequate remedial measures."[25] "In light of this precedent, a prison official acts unreasonably when he, either directly or through his policy, subjects an inmate to extremely dangerous temperatures without adequate remedial measures in conscious disregard of the risks posed by those temperatures."[26]

Summary judgment evidence demonstrates that state issued blankets and coats were picked up from all offenders on March 24, 2018.[27] The evidence presented further indicates that Plaintiff was housed in a temperature-controlled environment with central heating facilities and with a bed and bedding—the same accommodations provided to all other inmates within the building,[28] and the temperature in Parker's cell never fell below 60 degrees Fahrenheit.[29] Further, after the state issued blankets and jackets were picked up for the season, Parker still had extra sets of clothing, sheets, and a personally owned coat in his possession.[30] Pursuant to Rule 201 of the Federal Rules

---

[21] *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

[22] R. Doc. 1, p. 6.

[23] R. Doc. 1, p. 6.

[24] *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999) citing *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997).

[25] *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015).

[26] *Id.*

[27] R. Doc. 40-4, p. 2. Note this does not conflict with the allegations in Parker's complaint, which states that these items were picked up "on or around" the second week of March 2018. R. Doc. 1, p. 6.

[28] R. Doc. 40-4, p. 2.

[29] R. Doc. 40-4, p. 3.

[30] R. Doc. 40-4, p. 2.

of Evidence, the Court has also taken into account the historical weather data for Jackson, Louisiana, where DCI is located. This weather data indicates the following temperatures (all in Fahrenheit) for the time period complained of by Parker:

| Date | Low Temperature | High Temperature |
|------|-----------------|------------------|
| March 24, 2018[31] | 63.23 | 78.76 |
| March 25, 2018[32] | 61.38 | 83.1 |
| March 26, 2018[33] | 67.81 | 82.94 |
| March 27, 2018[34] | 67.98 | 79.52 |
| March 28, 2018[35] | 63.78 | 80.82 |
| March 29, 2018[36] | 56.47 | 68.65 |
| March 30, 2018[37] | 47.22 | 71.28 |
| March 31, 2018[38] | 50.82 | 77.59 |
| April 1, 2018[39] | 56.78 | 79.18 |
| April 2, 2018[40] | 66.47 | 82.78 |
| April 3, 2018[41] | 54.25 | 83.61 |
| April 4, 2018[42] | 43 | 68.67 |
| April 5, 2018[43] | 54.69 | 72.44 |
| April 6, 2018[44] | 62.32 | 76.74 |

---

[31] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/03/24 (last visited June 21, 2021).

[32] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/03/25 (last visited June 21, 2021).

[33] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/03/26 (last visited June 21, 2021).

[34] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/03/27 (last visited June 21, 2021).

[35] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/03/28 (last visited June 21, 2021).

[36] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/03/29 (last visited June 21, 2021).

[37] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/03/30 (last visited June 21, 2021).

[38] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/03/31 (last visited June 21, 2021).

[39] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/01 (last visited June 21, 2021).

[40] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/02 (last visited June 21, 2021).

[41] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/03 (last visited June 21, 2021).

[42] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/04 (last visited June 21, 2021).

[43] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/05 (last visited June 21, 2021).

[44] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/06 (last visited June 21, 2021).

| April 7, 2018[45] | 41.08 | 64.19 |
| April 8, 2018[46] | 52.71 | 56.68 |
| April 9, 2018[47] | 54.42 | 70.07 |
| April 10, 2018[48] | 44.12 | 72.91 |
| April 11, 2018[49] | 47.91 | 78.09 |
| April 12, 2018[50] | 63.78 | 80.81 |

Considering the above data and the other facts of this case, it is evident that the conditions presented here are a far cry from those in *Palmer v. Johnson*[51] and other cases where constitutional violations have been found.  In *Palmer*, the plaintiff was forced to remain outside in a field all night in only a short sleeve shirt as temperatures fell below 59 degrees Fahrenheit.[52]  The Fifth Circuit has also found that a prisoner's Eighth Amendment allegations were nonfrivolous when he alleged that "he was held in very cold conditions, for an extended period in November and December, wearing nothing but a paper gown during the daytime, and that he was ordered to remain on the cold concrete whenever he attempted to sleep on the warmer, metal bunk."[53]

These facts are easily distinguishable from the evidence before the Court, which indicates Parker was not required to endure prolonged periods of extreme cold; Parker had access to multiple sets of clothing and a personally owned coat; and he was housed in adequate shelter at nighttime

---

[45] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/07 (last visited June 21, 2021).

[46] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/08 (last visited June 21, 2021).

[47] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/09 (last visited June 21, 2021).

[48] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/10 (last visited June 21, 2021).

[49] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/11 (last visited June 21, 2021).

[50] The Old Farmer's Almanac, almanac.com, https://www.farmersalmanac.com/weather-history-results/zipcode-70748/2018/04/12 (last visited June 21, 2021).  Plaintiff was placed in administrative segregation on April 12, 2018, and the complaints related thereto have previously been dismissed by this Court.  R. Docs. 29 & 35.

[51] 193 F.3d 346, 353 (5th Cir. 1999).

[52] *Id.* at 349.

[53] *Alex v. Stalder*, 225 Fed.Appx 313, 314 (5th Cir. 2007).

with proper bedding arrangements, including a mattress and bedding.[54]  Considering the weather, shelter, and protective clothing afforded to Parker, his Eighth Amendment rights were not violated, and Defendant is entitled to qualified immunity.[55]  Because the evidence presented indicates that Parker's constitutional rights were not violated, the remaining claims should be dismissed.[56]

## <u>RECOMMENDATION</u>

**IT IS RECOMMENDED** that the Motion for Summary Judgment[57] filed by Jason Kent be **GRANTED** and that the remainder of this action be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on July 19, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[54] R. Doc. 40-4.

[55] Summary judgment evidence also establishes that Parker does not suffer from any medical problems that render him more susceptible to cold temperatures, and Parker never complained of any injury resulting from the alleged exposure to cold temperatures in March 2018.R. Doc. 40-5.

[56] The Court has also thoroughly considered whether it should allow Plaintiff additional time to conduct discovery based upon a letter forwarded to the Court by Plaintiff.  R. Doc. 43.  However, Plaintiff has not identified why he needs discovery and has not argued how this discovery would create a fact issue that would defeat summary judgment. Because Plaintiff has not provided this information to the Court and because what discovery is needed and/or would create a genuine issue of material fact is not apparent to the Court, the undersigned has determined it is proper to consider the motion for summary judgment without providing Plaintiff additional time to conduct discovery.  *See Joseph v. City of Dallas*, 277 Fed.Appx. 436, 443-44 (5th Cir. 2008) (because the plaintiff did not demonstrate why he needed additional discovery and how that discovery would create a fact issue that would defeat summary judgment, it was not an abuse of discretion to deny the plaintiff the opportunity to conduct additional discovery).  This determination is further supported by Plaintiff's lack of zeal in prosecuting this matter.  Plaintiff failed to propound any discovery in this matter over the approximate fourteen months that elapsed between when the first Defendants were served and when the summary judgment motion was filed.

[57] R. Doc. 40.